IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| BRYAN ZESIGER and GINA MONTALBANO ZESIGER,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, et al.,<br><br><br>    Defendants. | Case No. 2:25-CV-02324-JAR-RES |

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs Bryan Zesiger ("Bryan") and Gina Montalbano Zesiger ("Gina"), proceeding *pro se*, bring this action against Defendants the Board of County Commissioners of Leavenworth County, Kansas ("Leavenworth County"); Misty Brown in her official capacity as the Leavenworth County Counselor; and Mike Stieben in his official capacity as a Leavenworth County Commissioner. Plaintiffs allege that Defendants' handling of their Kansas Open Records Act ("KORA") requests violated Kansas law and the United States Constitution. The Court previously dismissed Plaintiffs' federal claims under Fed. R. Civ. P. 12(b)(6) and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, but granted Plaintiffs leave to amend.[1] Plaintiffs thereafter filed an Amended Complaint.[2] This matter is now before the Court on Defendants' Motion to Dismiss (Doc. 18) Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiffs filed a response to Defendants' motion;[3] Defendants did not file a reply,

---

[1] Doc. 9.

[2] Doc. 10.

[3] Doc. 24

and the time to do so has passed.[4]  Having reviewed the parties' filings, the Court is prepared to rule.  For the reasons stated below, the Court grants in part and denies in part Defendants' motion.

## I.    Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[5] and include "enough facts to state a claim to relief that is plausible on its face."[6]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[7]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[8]  The Court must accept the non-moving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[9]  The Court will view all well-pleaded factual allegations in the light most favorable to Plaintiffs.[10]  And because Plaintiffs proceed *pro se*, the Court must construe their filings liberally and hold them to a less stringent standard than formal pleadings drafted by

---

[4] D. Kan. Rule 6.1(d)(1) ("Replies must be filed within 14 days after the response is served.").

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Id.* at 570.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[9] *Iqbal*, 556 U.S. at 678.

[10] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

attorneys.[11]   However, Plaintiffs' *pro se* status does not excuse them from complying with federal and local rules.[12]

## II.    Background

The following facts are alleged in Plaintiffs' Amended Complaint.[13]  For purposes of deciding this motion, the Court assumes these facts to be true and draws all reasonable inferences in Plaintiffs' favor.

Plaintiffs operate Z&M Twisted Vines, a federally recognized agricultural entity engaged in viticulture, enology, and agritourism.  Leavenworth County has required Plaintiffs to obtain special use permits and has assessed commercial-level taxation against their agricultural operations.  By contrast, Forever Fencing, LLC ("Forever Fencing"), a commercial enterprise owned by Raymond Reynolds, has not been required by Leavenworth County to obtain or maintain a special use permit.

On May 14, 2025, Plaintiffs submitted a series of KORA requests to Leavenworth County seeking records related to Leavenworth County's permitting and enforcement treatment of Forever Fencing.  That same day, Leavenworth County personnel disclosed the existence of Plaintiffs' KORA requests to Raymond Reynolds, the owner of Forever Fencing, and to Leavenworth County Commissioner Mike Stieben.

Also on May 14, 2025, Leavenworth County Counselor Misty Brown denied sixteen KORA requests submitted by Plaintiffs.  Brown stated that, based on the volume and frequency of Plaintiffs' past and current requests, the requests appeared intended to "intentionally disrupt,

---

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[13] Doc. 10.

harass, or place an undue burden on agency operations," and she therefore denied them.[14] Brown's denial did not identify specific statutory exemptions or provide an individualized analysis for each request.

Sometime after Plaintiffs submitted their May 14 KORA requests, Brown contacted attorney Ryan Kriegshauser, who at the time represented Forever Fencing, and disclosed the existence of Plaintiffs' KORA requests to him. Kriegshauser then contacted Reynolds and relayed that information. On May 25, 2025, licensed surveyor Joe Herring told Plaintiffs that Stieben had told Herring that Plaintiffs' "filings are the reason County work is being delayed."[15]

## III.    Discussion

In the Amended Complaint, Plaintiffs assert the following claims under 42 U.S.C. § 1983: (1) denial of access to the courts (Count I); (2) violation of procedural due process (Count II); (3) First Amendment retaliation (Count III); (4) municipal liability (Count IV); and (5) defamation under a stigma-plus theory (Count V). Plaintiffs also assert two state law claims: (1) violation of KORA (Count VI); and (2) violation of §§ 1 and 15 of the Kansas Bill of Rights (Count VII). Defendants move to dismiss Plaintiffs' federal claims under Fed. R. Civ. P. 12(b)(6). Specifically, Defendants argue that Plaintiffs' federal claims are barred by the doctrine of res judicata and that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The Court addresses each argument in turn.

---

[14] *Id.* ¶ 15.
[15] *Id.* ¶ 20.

### A. Plaintiffs' Federal Claims

Under the doctrine of res judicata, or claim preclusion, a party may not assert "a legal claim that was or could have been the subject of a previously issued final judgment."[16]  The principle underlying this doctrine "is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so."[17]  "Federal law governs the scope of preclusive effect given to federal-court decisions."[18]  Under federal law, res judicata applies if a party establishes the following three elements: (1) a final judgment on the merits in a prior action; (2) both cases include the same cause of action; and (3) both actions involve the same parties or their privies.[19]  However, even if these elements are satisfied, claim preclusion does not apply if the opposing party "did not have a 'full and fair opportunity to litigate' the claim in the prior action."[20]

Defendants argue that Plaintiffs have already litigated their federal claims in a previous case brought in this Court—*Zesiger v. Leavenworth County, Kansas* ("*Zesiger I*").[21]  There, Bryan sued Leavenworth County, Brown, and Stieben in their individual and official capacities based on their handling of his KORA requests.  He alleged that: (1) between January and May 2025, he submitted numerous KORA requests to Leavenworth County; (2) Brown disclosed information about his court-related matters and KORA requests to a third party associated with

---

[16] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)).

[17] *Id.* (quoting *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006)).

[18] *Atkins v. Heavy Petroleum Partners, LLC*, 86 F. Supp. 3d 1188, 1204 (D. Kan. 2015) (quoting *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014)).

[19] *Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1229 (10th Cir. 2025).

[20] *Lenox*, 847 F.3d at 1239 (quoting *MACTEC*, 427 F.3d at 831 & n.6).

[21] Case No. 25-CV-02295-JAR-RES.  The Court may take judicial notice of its own records or public records from other proceedings without converting a motion to dismiss to a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Forever Fencing without his authorization; (3) Stieben told Herring that Leavenworth County could not timely process Herring's permit because Brown was busy responding to Bryan's KORA requests; and (4) Brown denied a May 29, 2025 KORA request as disruptive.

Based on these allegations, Bryan asserted claims for (1) First Amendment retaliation under 42 U.S.C. § 1983, (2) Fourteenth Amendment due process violations under § 1983, (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3), and (4) abuse of power under color of law under § 1983. He also asserted state law claims for KORA violations, along with defamation and business disparagement. The Court dismissed Bryan's federal claims for failure to state a claim under Rule 12(b)(6) and declined to exercise supplemental jurisdiction over Bryan's remaining state law claims.[22] The Court granted Bryan leave to file an amended complaint within twenty-one days, but Bryan did not amend within the time permitted. The Court therefore entered judgment dismissing the case.[23]

Based on that prior case, Defendants contend that all three elements of claim preclusion are satisfied. The Court agrees, but only as to Bryan and not as to Gina. First, there was a final judgment on the merits in the prior action. The Court in *Zesiger I* dismissed Bryan's federal claims under Rule 12(b)(6). The dismissal order did not state that it was without prejudice,[24] therefore it operates as an adjudication on the merits.[25]

---

[22] Case No. 25-CV-02295-JAR-RES, Doc. 37.

[23] *Id.*, Doc. 39.

[24] *Id.*, Doc. 37.

[25] *Slocum v. Corp. Exp. U.S. Inc.*, 446 F. App'x 957, 960 (10th Cir. 2011) ("Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal with prejudice."); Fed. R. Civ. P. 41(b) (providing that, unless the dismissal order states otherwise, dismissals other than for lack of jurisdiction, improper venue, or failure to join a party operate "as an adjudication on the merits").

Second, both cases involve the same cause of action. "A cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence."[26] The federal claims asserted in this case arise from the same series of events at issue in *Zesiger I*: Leavenworth County's response to Bryan's KORA requests, Brown's disclosure of those requests to third parties associated with Forever Fencing, and Stieben's statement to Herring that Leavenworth County work was being delayed because Brown was occupied responding to Bryan's KORA requests.

Third, this case involves the same parties as *Zesiger I*, but only in part. Bryan and Leavenworth County, Brown in her official capacity, and Stieben in his official capacity were opposing parties in that action. Gina Zesiger, however, was not a party. "It is a fundamental rule of civil procedure that one who was not a party to an action is not bound by the judgment."[27] "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit."[28] An exception to this rule exists when it can be said that there is "privity" between a party to the second case and one who is bound by an earlier judgment.[29] "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."[30]

The Supreme Court has provided only limited guidance on the boundaries of privity but has "expressly rejected an expansive doctrine of virtual representation as an exception to the

---

[26] *Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1229–30 (10th Cir. 2025) (citation modified) (applying the transactional approach articulated in the Restatement (Second) of Judgments).

[27] *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008).

[28] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

[29] *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996).

[30] *Lowell Staats Min. Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989).

general rule against nonparty preclusion, and described six recognized (non-conclusive)

exceptions to the general rule under federal common law."[31]  Those exceptions are:

> (1) when a person agrees to be bound by the determination of issues in an action between others; (2) when a pre-existing substantive legal relationship exists; (3) when a nonparty was "adequately represented by someone with the same interests who [wa]s a party" in an earlier suit; (4) when the nonparty assumed control over the earlier litigation; (5) when a party who did not take part in litigation, as a way of avoiding preclusion, later sues as the designated representative of a person who was a party to the earlier suit; and (6) when a special statutory scheme, such as bankruptcy, so directs.[32]

Here, Defendants do not identify which of these recognized bases for non-party

preclusion applies.  Instead, Defendants argue that Gina is in privity with Bryan because the

Amended Complaint alleges that they jointly own and operate Z&M Twisted Vines and because,

in another lawsuit, they identified themselves as husband and wife.[33]  However, "the mere fact of

the marital relationship itself is insufficient for privity."[34]  Nor does the allegation that Bryan and

Gina jointly own and operate Z&M Twisted Vines establish privity on this record.  Z&M

Twisted Vines was not a party in *Zesiger I* and is not a party here.  And neither action seeks to

vindicate rights belonging to the business.  Rather, Bryan and Gina seek to vindicate their own

personal rights, including, among others, the right of access to the courts and procedural due

process rights.  Defendants cite no authority supporting the proposition that co-owners of a

business are, by virtue of that relationship alone, in privity for purposes of federal claim

---

[31] *Sierra Club v. Two Elk Generation Partners, Ltd. P'ship*, 646 F.3d 1258, 1267 (10th Cir. 2011) (citing *Taylor v. Sturgell*, 553 U.S. 880, 893–95 (2008)).

[32] *Pelt*, 539 F.3d at 1281–82 (citing *Taylor*, 553 U.S. at 893–95).

[33] *See Zesiger v. Kelly*, Case No. 25-CV-02354-EFM-ADM, Doc. 1 at 5–6.

[34] *Brubaker v. Schneider*, No. 03-1075-JTM, 2006 WL 8440477, at *5 (D. Kan. Mar. 9, 2006).

preclusion under these circumstances.  On this record, Defendants have failed to meet their burden to show that Gina was in privity with Bryan in *Zesiger I*.

Having found that the elements of claim preclusion are satisfied as to Bryan, the Court also finds that Bryan had a full and fair opportunity to litigate his federal claims in *Zesiger I*. Although the Court dismissed Bryan's claims in that action, it granted him leave to file an amended complaint within twenty-one days of the dismissal order.  Yet, Bryan never filed an amended complaint.  "If a party had a full and fair opportunity to litigate an issue but simply failed to take advantage of the opportunity, the full and fair opportunity element is still met."[35] Accordingly, Bryan's federal claims are barred by the doctrine of res judicata.  However, because Defendants have not established that Gina was a party, or in privity with a party, to *Zesiger I*, res judicata does not bar Gina's federal claims.

### B.  Plaintiffs' State Law Claims

Turning to Plaintiffs' state law claims, Defendants argue that if the Court dismisses Plaintiffs' federal claims, it will have "dismissed all claims over which it has original jurisdiction" and should therefore decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.[36]  However, the Court has not dismissed all claims over which it has original jurisdiction, as Gina's federal claims remain pending.  And Defendants do not argue that Plaintiffs' state law claims are otherwise unrelated to Gina's federal claims and therefore outside the scope of 28 U.S.C. § 1367(a).  Accordingly, the Court will continue to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Defendants' motion to dismiss is therefore denied on this basis.

---

[35] *Dale v. Bank of Am., N.A.*, No. 16-1081-EFM-KGG, 2016 WL 4245493, at *4 (D. Kan. Aug. 11, 2016) (citation modified).

[36] Doc. 19 at 7; 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 18) is **granted in part and denied in part**. Bryan Zesiger's federal claims under 42 U.S.C. § 1983 asserted in Counts I through V are dismissed as barred by res judicata. Defendants' motion is otherwise denied. Gina Montalbano Zesiger's federal claims asserted in Counts I through V and Plaintiffs' joint state-law claims in Counts VI and VII remain pending.

**IT IS SO ORDERED.**

Dated: March 13, 2026

                                      S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE