## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRYAN ZESIGER and GINA MONTALBANO ZESIGER, | |
| Plaintiffs, | |
| v. | Case No. 2:25-CV-02324-JAR-RES |
| BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiffs Bryan Zesiger ("Bryan") and Gina Montalbano Zesiger ("Gina"), proceeding *pro se*, bring this action against Defendants the Board of County Commissioners of Leavenworth County, Kansas ("Leavenworth County"); Misty Brown in her official capacity as the Leavenworth County Counselor; and Mike Stieben in his official capacity as a Leavenworth County Commissioner.  Plaintiffs allege that Defendants' handling of their Kansas Open Records Act ("KORA") requests violated Kansas law and the United States Constitution.  The Court previously dismissed Bryan's 42 U.S.C. § 1983 claims as barred by res judicata.[1]  Gina's § 1983 claims and Plaintiffs' state-law claims remain pending.

This matter is now before the Court on Plaintiffs' Motions for Partial Summary Judgment (Docs. 14, 15), Plaintiffs' Motion for Temporary Restraining Order (Doc. 25), and Plaintiffs' Motion to Supplement the Record and Request for Judicial Notice in Support of Pending Motion

---

[1] Doc. 28.

for Temporary Restraining Order (Doc. 26).  Defendants have not responded to these motions and the time to do so has passed.[2]

The Court addresses Plaintiffs' motions for partial summary judgment first and then turns to Plaintiffs' motion for a temporary restraining order ("TRO") and their related motion to supplement the record and request for judicial notice.  For the reasons explained below, the Court denies all of Plaintiffs' pending motions.

## I.      Plaintiffs' Motions for Partial Summary Judgment

### A.  Plaintiffs' First Motion for Partial Summary Judgment

The Court begins with Plaintiffs' first motion for partial summary judgment.  Although Plaintiffs title this filing as a "Motion for Partial Summary Judgment," the substance of the motion seeks an order requiring Defendants to produce records responsive to sixteen KORA requests submitted between May 8 and May 15, 2025.  As to any requested record that does not exist, Plaintiffs ask the Court to require an affidavit from the responsible custodian stating whether the record ever existed, how and when it was maintained, and whether it was destroyed or removed.  Plaintiffs expressly state that they do not seek any ruling on liability or other merits-based issues.  Accordingly, liberally construing Plaintiffs' motion,[3] the Court treats Plaintiffs' first motion as a motion to compel Defendants to produce documents.

Federal Rule of Civil Procedure 34 governs requests for the production of documents and electronically stored information.  Rule 34 permits a party to serve on another party a request "to

---

[2] *See* D. Kan. Rule 6.1(d)(1) (providing 21 days to file a response to dispositive and similar motions); D. Kan. Rule 6.1(d)(4) (providing 14 days to file a response to all other motions).

[3] Because Plaintiffs proceed *pro se*, the Court must construe their filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, Plaintiffs' *pro se* status does not excuse them from complying with federal and local rules.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read fand be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations."[4]

Rule 34 further provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served."[5]  If a party fails to produce documents requested under Rule 34, the requesting party may then move for an order compelling production under Rule 37.[6]

Here, it does not appear that Plaintiffs first served Defendants with a Rule 34 request for production before seeking relief from the Court.  Instead, Plaintiffs filed a motion asking the Court to order Defendants to produce documents in the first instance.  Plaintiffs therefore have not complied with the procedures governing requests for production under Rule 34, and their present motion to compel is therefore denied as premature.

Even if Plaintiffs had served requests for production, Plaintiffs' motion is still premature, because any response deadline has not yet begun to run.  Although Rule 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),"[7] the Rules allow a limited exception for early Rule 34 requests.[8]  More than twenty-one days after service of the summons and complaint, a party may deliver requests for production before the Rule 26(f) conference, but those requests are "considered to have been served at the first Rule 26(f) conference."[9]  The responding party's 30-

---

[4] Fed. R. Civ. P. 34(a)(1)(A).

[5] Fed. R. Civ. P. 34(b)(2)(A).

[6] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[7] Fed. R. Civ. P. 26(d)(1).

[8] Fed. R. Civ. P. 26(d)(2).

[9] Fed. R. Civ. P. 26(d)(2)(A)–(B).

day deadline to respond does not begin until that conference occurs.[10]  Accordingly, because no

Rule 26(f) conference has taken place, any response deadline has not yet begun to run.

Therefore, Plaintiffs' motion to compel is denied as premature.

## B.  Plaintiffs' Second Motion for Partial Summary Judgment

Turning next to Plaintiffs' second motion for partial summary judgment, Plaintiffs seek a

declaration that Defendants violated KORA, the Fourth Amendment, the First Amendment, and

the Fourteenth Amendment.  Plaintiffs also request an order requiring sworn affidavits from

Leavenworth County officials identifying, among other things, who obtained Plaintiffs' "private

agricultural newsletter," as well as how, when, and from whom it was obtained.[11]  Liberally

construing this motion, the Court understands it to seek two forms of relief: first, summary

judgment on Plaintiffs' KORA and constitutional claims; and second, an order compelling

Defendants to provide information and documents concerning Plaintiffs' newsletter.  Because the

Court has previously determined that Bryan's constitutional claims are barred by the doctrine of

res judicata,[12] the Court considers only Gina's motion for summary judgment on the

constitutional claims.  Accordingly, the Court construes Plaintiffs' second motion in part as a

motion for summary judgment and in part as a motion to compel.

Summary judgment is appropriate if the moving party demonstrates "that there is no

genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[13]

In applying this standard, the Court views the evidence and all reasonable inferences therefrom

---

[10] Fed. R. Civ. P. 34(b)(2)(A).

[11] Doc. 15 at 13.

[12] Doc. 28.

[13] Fed. R. Civ. P. 56(a).

in the light most favorable to the non-moving party.[14]  "There is no genuine [dispute] of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[15]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[16]  A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[17]  To prevail on a motion for summary judgment on a claim upon which the moving party also bears the burden of proof at trial, the moving party must demonstrate that "no reasonable trier of fact could find other than for the moving party."[18]

Here, Plaintiffs bear the burden of proof on all claims, and they fail to make the requisite showing for summary judgment.  First, there is no record on which the Court can determine that any material facts are uncontroverted, and Plaintiffs have not complied with this Court's local rule governing motions for summary judgment.[19]  Further, no discovery has occurred in this case.  Indeed, none of the Defendants have even filed an answer.  On this record, Plaintiffs cannot meet their heavy burden of showing that no reasonable trier of fact could find other than in their favor.  Accordingly, Plaintiffs' second motion, to the extent it seeks summary judgment, is denied as premature.

Further, to the extent Plaintiffs' motion seeks an order compelling discovery, it is likewise premature for the reasons already discussed.  It does not appear that Plaintiffs first served any discovery request on Defendants, and no Rule 26(f) conference has taken place.

---

[14] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[15] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) .

[16] *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).

[17] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[18] *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).

[19] D. Kan. Rule 56.1.

Accordingly, Plaintiffs' second motion, to the extent it seeks an order compelling discovery, is denied as premature.[20]

## II.    Plaintiffs' Motion for Temporary Restraining Order

Lastly, Plaintiffs move for a TRO enjoining Leavenworth County from enforcing Resolution 2020-20, a special use permit issued on June 8, 2020, for Plaintiffs' business, Z&M Twisted Vines.

A party seeking a TRO must show: (1) that the movant is substantially likely to succeed on the merits; (2) that the movant will suffer irreparable injury if the court denies the requested relief; (3) that the movant's threatened injury without the restraining order outweighs the opposing party's injury under the restraining order; and (4) that the requested relief is not adverse to the public interest.[21]  The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint.[22]

Without reaching whether Plaintiffs satisfy the four factors necessary for a TRO, the Court concludes that the motion fails because Plaintiffs fail to establish the necessary relationship between the injury asserted in their motion and the claims alleged in the Amended Complaint.  Plaintiffs' Amended Complaint concerns Defendants' alleged responses to Plaintiffs' KORA requests submitted in May 2025 and the alleged KORA and constitutional violations arising from Defendants' handling of those requests.  Plaintiffs' present motion,

---

[20] In both motions for partial summary judgment, Plaintiffs ask the Court to take judicial notice of the existence of (1) *Bartnicki v. Vopper*, 532 U.S. 514 (2001); (2) *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012); (3) Plaintiffs' August 19, 2025 letter to the United States Department of Agriculture; (4) Plaintiffs' November 25, 2025 letter to the United States Department of Justice and the Federal Bureau of Investigation; (5) the consent judgment entered on November 11, 2025, in *Meyer v. City of Marion, Kansas*, Case No. 24-2122-DDC-GEB; and (6) Kansas Board of Tax Appeals Opinion No. 2022-1396-EQ (2023).  Because the Court denies both of Plaintiffs' motions as premature, it denies Plaintiffs' requests for judicial notice as moot.

[21] *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019).

[22] *Miller v. Billman*, No. 18-3100-SAC, 2018 WL 3831526, at *2 (D. Kan. Aug. 13, 2018).

however, seeks to enjoin Leavenworth County from enforcing a special use permit issued in June 2020. Plaintiffs have not shown how enforcement of that permit bears any relationship to the alleged KORA or constitutional violations asserted in this case. Because Plaintiffs' motion for a TRO seeks relief unrelated to the claims in this case, the Court cannot grant the requested injunctive relief. Plaintiffs' motion for a TRO is therefore denied. And because Plaintiffs' motion to supplement the record and request for judicial notice was filed in support of that TRO motion, that motion is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motions for Partial Summary Judgment (Docs. 14, 15) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (Doc. 25) is **denied**, and Plaintiffs' Motion to Supplement the Record and Request for Judicial Notice in Support of Pending Motion for Temporary Restraining Order (Doc. 26) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: March 13, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

7