## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRYAN ZESIGER and GINA MONTALBANO ZESIGER,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, et al.,**<br><br><br>**Defendants.** | **Case No. 2:25-CV-02324-JAR-RES** |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiffs' Motion to Review and Rule 72(a) Objection to Order Staying Discovery (Doc. 42). Plaintiffs object to Magistrate Judge Rachel E. Schwartz's Order staying discovery pending this Court's ruling on Defendants' motion for judgment on the pleadings.[1] Defendants did not respond to Plaintiffs' objection, and the time to do so has expired.[2] For the reasons explained below, Plaintiffs' objection is overruled.

### I.    Background

Plaintiffs Bryan Zesiger ("Bryan") and Gina Montalbano Zesiger ("Gina"), proceeding *pro se*, bring this removal action against Defendants the Board of County Commissioners of Leavenworth County, Kansas ("Leavenworth County"); Misty Brown, in her official capacity as the Leavenworth County Counselor; and Mike Stieben, in his official capacity as a Leavenworth

---

[1] Doc. 41.

[2] D. Kan. Rule 6.1(d)(4) (requiring a response to "all other motions" to be filed within 14 days after service).

County Commissioner.  Plaintiffs assert claims under 42 U.S.C. § 1983 and Kansas law based on Defendants' alleged mishandling of Plaintiffs' Kansas Open Records Act requests.

The Court previously dismissed the § 1983 claims asserted in Counts I through V of the Amended Complaint to the extent they are asserted by Bryan on claim-preclusion grounds.[3]  On April 23, 2026, Defendants filed a motion for judgment on the pleadings, seeking judgment on Gina's remaining federal claims asserted in Counts I through V of the Amended Complaint and asking the Court to decline to exercise supplemental jurisdiction over Plaintiffs' joint state-law claims.[4]  That same day, Defendants moved to stay discovery and all other proceedings pending resolution of their motion for judgment on the pleadings.[5]

Judge Schwartz took up Defendants' motion to stay at the April 28, 2026 scheduling conference.[6]  Judge Schwartz heard argument from both sides and then entered a written Order granting the motion in part and denying it in part.[7]  Specifically, Judge Schwartz stayed discovery pending this Court's ruling on Defendants' motion for judgment on the pleadings, but denied Defendants' broader request to stay all other proceedings as unnecessary.[8]  Judge Schwartz further stated that, if any claims remain after this Court rules on the motion for judgment on the pleadings, she will immediately reset the case for a scheduling conference. Plaintiffs now object and seek review of that Order.[9]

---

[3] Doc. 28.

[4] Doc. 35.

[5] Doc. 37.

[6] Doc. 40.

[7] Doc. 41.

[8] *Id.* at 4–5.

[9] *Id.* at 5.

## II.    Legal Standard

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  The applicable standard of review depends on whether the magistrate judge's order relates to a dispositive or non-dispositive issue.  A non-dispositive decision is reviewed under a clearly-erroneous or contrary-to-law standard, and a dispositive order is reviewed de novo.[10]  Here, Judge Schwartz's Order staying discovery was non-dispositive because it did not resolve any claim or defense at issue in this case.  Accordingly, the Court reviews Judge Schwartz's Order under the clearly erroneous or contrary to law standard.

Under that standard, the Court must affirm factual determinations "unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[11]  As to legal matters,

> the Court conducts an independent review and determines whether the magistrate judge['s] ruling is contrary to law.  Under this standard, the Court conducts a plenary review and may set aside the magistrate judge['s] decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard.[12]

The party seeking modification of the magistrate judge's order bears the burden to show that the order is clearly erroneous or contrary to law.[13]

## III.    Discussion

Plaintiffs object to Judge Schwartz's Order staying discovery pending this Court's ruling on Defendants' motion for judgment on the pleadings, arguing that the Order misapplies the

---

[10] Fed. R. Civ. P. 72.

[11] *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[12] *Id.* (citations omitted).

[13] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 9723883, at *3 (D. Kan. May 29, 2007).

District of Kansas standard governing discovery stays because this is "a § 1983 case where motive, internal communications, and comparator treatment are central to the claims and are largely within Defendants' possession."[14]  Plaintiffs' objection is unpersuasive.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[15]  While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending,"[16] a stay may be appropriate where:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[17]

Here, Judge Schwartz properly identified and applied that standard.  Judge Schwartz recognized this District's general policy against staying discovery merely because a dispositive motion is pending but concluded that the first three factors weighed in favor of a temporary stay.[18]

As to the first factor, Judge Schwartz considered the relief sought in Defendants' motion for judgment on the pleadings and found that, if the Court grants the motion in full, it would dispose of the entire case in federal court.  The Court agrees.  Defendants' motion seeks judgment on the pleadings on Plaintiffs' remaining federal claims and asks the Court to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims and to remand them to

---

[14] Doc. 42 at 1.

[15] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[16] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[17] *Arnold v. City of Olathe*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

[18] Judge Schwartz noted that the fourth factor is not implicated here because Defendants' motion for judgment on the pleadings does not raise immunity as a basis for dismissal, and Defendants did not seek a stay on that basis.  Plaintiffs do not challenge that conclusion.

state court.  Based on those considerations, Judge Schwartz's conclusion that the first factor weighed in favor of a stay was not clearly erroneous or contrary to law.

As to the second factor, Judge Schwartz found that discovery would not affect the resolution of Defendants' motion because resolution of the motion is confined to the pleadings. Plaintiffs argue that this conclusion "does not account for the nature of Plaintiffs' claims or the factual inferences required at the pleading stage" because Defendants' "Rule 12(c) challenge attacks the plausibility of claims that depend on motive, internal communications, and comparator facts held by Defendants."[19]

Courts evaluate a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss.[20]  And, generally, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[21]  Thus, the relevant question on Defendants' motion is whether Plaintiffs' Amended Complaint plausibly states a claim for relief, not whether discovery might reveal additional facts to support those claims.  Judge Schwartz therefore did not clearly err or act contrary to law in concluding that the second factor weighed in favor of a stay.

As to the third factor, Judge Schwartz found that extensive discovery at this stage would be wasteful and burdensome.  In reaching that conclusion, Judge Schwartz noted that Plaintiffs had already served 52 separate requests for production, not counting subparts, and that Defendants had raised concerns about the scope and relevance of those requests.  Judge Schwartz also noted that some of the requests seek electronically-stored information and explained that such information can be costly and time-consuming to collect and produce.  Judge Schwartz

---

[19] Doc. 42 at 2–3.

[20] *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[21] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

further considered the parties' Rule 26(a)(1) initial disclosures, including Plaintiffs' identification of 31 individuals or categories of individuals likely to have discoverable information.  Judge Schwartz also noted Defendants' position that Plaintiffs' discovery requests would likely generate significant discovery disputes, consume court resources, and require the parties to litigate discovery issues while they were briefing a potentially dispositive motion.  Given those concerns, Judge Schwartz concluded that proceeding with discovery would not be an efficient use of the parties' or the Court's resources.

Plaintiffs argue that this conclusion improperly relies on the perceived burden of their discovery requests without first requiring Defendants to show that such discovery is overbroad, burdensome, or irrelevant.  However, nothing in the governing discovery-stay standard requires a party to prove that each pending discovery request is overbroad, burdensome, or irrelevant before a court may enter a temporary stay.  Rather, that type of particularized showing is generally required when a court is ruling on objections to discovery requests.[22]  And Judge Schwartz was not resolving objections to discovery requests.  She was deciding whether discovery should be temporarily stayed pending resolution of Defendants' Rule 12(c) motion.  In this posture, a court may consider the likely burden and inefficiency of allowing discovery to proceed while a dispositive motion remains pending.[23]  Given the breadth of discovery already served and the anticipated discovery disputes that were likely to result, Judge Schwartz reasonably concluded that staying discovery pending this Court's ruling on a motion that could

---

[22] *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) ("A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad.  Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.").

[23] *Arnold v. City of Olathe*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (considering whether discovery will be "wasteful and burdensome" as a factor when deciding whether to stay discovery pending resolution of a dispositive motion).

dispose of the case in federal court would avoid potentially unnecessary burden and expense. Thus, Judge Schwartz's conclusion that the third factor weighed in favor of a stay was not clearly erroneous or contrary to law.

The Court therefore concludes that Plaintiffs have not carried their burden to show that Judge Schwartz's Order is clearly erroneous or contrary to law. Judge Schwartz applied the correct legal standard, considered the relevant discovery-stay factors, and reasonably concluded that a temporary stay was warranted pending this Court's ruling on Defendants' motion for judgment on the pleadings. After reviewing the record, the Court is not left with a "definite and firm conviction that a mistake has been committed."[24] Plaintiffs' objection is therefore overruled.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Review and Rule 72(a) Objection to Order Staying Discovery (Doc. 42) is **denied and overruled**.

**IT IS SO ORDERED.**

Dated: June 22, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[24] *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010).